FILED
MAR 0 4 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOFIELD, CDCR #P-14570,<br><br>Plaintiff,<br><br>vs.<br><br>K. BALL; C. GRAY; MD. RENNER; JOSEPH M. SHERMAN; M.D. O. DICKERSON; M.D. J. ANDERSON; R.N. J. HALSETH; M.D. KUMAR; C. HALL; N. GRANNIS; M. PENNER,<br><br>Defendants. | Civil No.  11cv0378 BEN (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' "MOTION THAT THE COURT SCREEN PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915A"; AND**<br><br>**(2) ORDERING DEFENDANTS TO FILE A RESPONSIVE PLEADING PURSUANT TO FED.R.CIV.P. 12(a)** |

## I.
### PROCEDURAL HISTORY

On June 10, 2010, Plaintiff, an inmate currently incarcerated at California State Prison located in Corcoran, California and proceeding pro se, filed a Complaint in Monterey Superior Court. Defendants filed a "Notice of Removal" on November 5, 2010 [Doc. No. 1] in the Northern District of California. On February 22, 2011, United States District Judge Jeremy Fogel determined that a "substantial part of the events or omissions giving rise to the claim

occurred" in the Southern District of California and transferred the matter to the Southern District. *See* Feb. 22, 2011 Transfer Order at 1-2.

## II.

### DEFENDANT'S NOTICE OF REMOVAL [Doc. No. 1]

**A.  Legal Standard**

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 614 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th. Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. Under this rule, the federal question must be "presented on the face of plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Defendants seek removal of this action on the grounds that Plaintiff's Complaint arises under 42 U.S.C. § 1983. While Plaintiff has not filed a reply to Defendants' notice of removal,

a district court may remand an action sua sponte if it concludes that it lacks jurisdiction. *See Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); FED.R.CIV.P. 12(h)(3) (district court may sua sponte dismiss an action, regardless of whether the plaintiffs are proceeding *in forma pauperis*, if the court concludes that it lacks subject matter jurisdiction).

Here, Plaintiff's Complaint rests on allegations that he has been denied adequate medical care and claims that Defendants' actions were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Because Plaintiff's federal claims appears on the face and throughout his Complaint, the Court finds that his cause of action arises under federal law, and thus, is removable. *See* 28 U.S.C. §§ 1331, 1441(b).

## III.

### Screening Pursuant to 28 U.S.C. §§ 1915A(b)

Now that the Court has found the removal of this action to be proper, the Court will **GRANT** Defendants' Motion to Screen Plaintiff's Complaint and conduct a sua sponte review of Plaintiff's Complaint because he is "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(a), (c). Section 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). A similar screening provision of the PLRA would apply to Plaintiff's Complaint even if he elected to initiate this action in federal court and successfully moved to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447 (citing *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997)). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Nevertheless, in giving liberal interpretation to a pro se civil rights complaint, the court may not, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. § 1915A(b). Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion that the Court screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A is **GRANTED** [Doc. No. 3]; and

(2) Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

///

(3) Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: 3/04/2011

HON. ROGER T. BENITEZ
United States District Judge