# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOFIELD,<br><br>　　　　　　　Plaintiff,<br>vs.<br>BALL, et al.,<br><br>　　　　　　　Defendant. | CASE NO. 11cv378-BEN (WMc)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 18)** |

## Introduction

Plaintiff Robert Scofield, a state prisoner proceeding *pro se*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983, concerning the conditions of his confinement at R.J. Donovan Correctional Facility ("RJD"), Centinela State Prison ("CEN"), New Folsom State Prison ("NFSP"), High Desert State Prison ("HDSP"), Salinas Valley State Prison ("SVSP"), and Calipatria State Prison ("CSP").[1] Plaintiff alleges members of the medical staff at the various institutions listed above, as well as California Department of Corrections and Rehabilitation ("CDCR") inmate appeals employees, violated his First, Eighth, and Fourteenth Amendment rights. Plaintiff also alleges state law claims for negligence, malpractice and for claims arising under California Government Code sections 844.6(d) and 845.6. All of Plaintiff's claims stem from the Defendants' alleged failure to inform

---

[1] The Court notes page 15 of Plaintiff's complaint is missing. (ECF No. 1, pg. 14, 16). Page 15 could be vital to Plaintiff's complaint because it likely contains information regarding Plaintiff's and Defendants' response to the blood test results confirming Plaintiff had Hepatitis C.

1  Plaintiff he tested positive for Hepatitis C and treat him for Hepatitis C.

2  Defendants Gray, Sherman, Penner, and Ball filed a motion to dismiss the complaint. (ECF No. 18). Defendants present the following grounds for dismissal: (1) Plaintiff failed to plead compliance with the California Government Claims Act with regards to his state law claims, (2) Plaintiff's Fourteenth Amendment claims are duplicative of his Eighth Amendment claims, (3) Defendants Gray and Ball cannot be liable via their participation in the inmate appeals process, and (4) Gray and Ball are immune from liability as to Plaintiff's state law claim pursuant to California Goverment Code section 845.6. (ECF No. 18). Plaintiff filed an opposition to the Defendants' motion. (ECF No. 19). Defendants replied to Plaintiff's opposition. (ECF No. 20).

This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for the Southern District of California. After reviewing the pleadings and parties' briefs, for the reasons set forth below, the Court recommends that the Motion to Dismiss of Defendants be **GRANTED** in part and **DENIED** in part as discussed in detail below.

**Factual Background**[2]

Plaintiff arrived at RJD in October, 1998. (ECF No. 1, pg. 10). Upon arrival, Plaintiff underwent a medical screening and gave a blood sample. (*Id.*) Plaintiff did not receive the results of the blood test. (*Id.*)

On January 19, 1999, Plaintiff was transferred to CEN. (*Id.* at 11). CEN staff did not test Plaintiff's blood or inform him of the results of his prior blood test. (*Id.*)

On March 8, 2001, Plaintiff was transferred to NFSP. NFSP staff did not test Plaintiff's blood or inform him of the results of the blood test performed at RJD. (*Id.*) On November 10, 2001, Plaintiff requested to be tested for HIV and Hepatitis A, B, and C. (*Id.*) A blood sample was taken on November 16, 2001. (*Id.*) On November 20, 2001, Defendant Sherman filed a "Confidential Morbidity Report" confirming Plaintiff tested positive for Hepatitis C. (*Id.*) Plaintiff was not informed of the

---

[2] These facts are taken from Plaintiff's complaint. The Court must accept as true all material allegations in the complaint, and must construe the complaint and all reasonable inferences drawn therefrom in the light most favorable to Plaintiff. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Additionally, courts construe *pro se* pleadings liberally on a Defendant's motion to dismiss for failure to state a claim. *Id*.

results of the test. (*Id*. at 12).

On December 19, 2002, Plaintiff was transferred to HDSP. (*Id*.) HDSP staff did not perform a blood test or inform Plaintiff of his previous positive test results. (*Id*.) On April 16, 2003, Plaintiff requested to be tested for HIV and Hepatitis A, B, and C. (*Id*.) A blood sample was taken April 21, 2003. (*Id*.) On May 8, 2003, Defendant Anderson filed a "Confidential Morbidity Report" confirming Plaintiff tested positive for Hepatitis C. (*Id*.) Plaintiff was not informed of the results. (*Id*.)

On December 17, 2003, Plaintiff was transferred to SVSP. (*Id*.) Plaintiff's blood was not tested nor were the results of the previous blood tests disclosed to Plaintiff. (*Id*.) On July 24, 2005, Plaintiff requested to be tested for Hepatitis C. (*Id*. at 12-13). On August 10, 2005, a blood sample was taken. (*Id*.) On August 17, 2005, Defendant Kumar informed Plaintiff that he would be scheduled for a follow-up appointment. (*Id*.) Plaintiff did not have a follow-up appointment. (*Id*.) Plaintiff was charged $5.00 for the blood test. (*Id*.) Plaintiff was seen by the medical staff numerous times regarding the test but was never informed of the results. (*Id*.)

On February 28, 2006, Plaintiff was transferred to CSP. (*Id*.) Plaintiff's blood was not tested nor were the results of the previous blood tests disclosed to Plaintiff. (*Id*.) On April 4, 2006, Plaintiff requested to be tested for Hepatitis C. (*Id*. at 14). Plaintiff did not undergo a blood test because of a facility lock-down. (*Id*.)

In October of 2007, Nurse Practitioner Lopez[3] called Plaintiff into his office and asked him about the status of his Hepatitis. (*Id*.) Nurse Practitioner Lopez then informed Plaintiff that Plaintiff had tested positive for Hepatitis as early as 2001. (*Id*.) On October 29, 2007, Nurse Practitioner Lopez ordered another blood test. (*Id*.)

On December 31, 2007, Plaintiff was shown the blood sample lab results for the first time.[4] (*Id*.) The results confirmed Plaintiff had Hepatitis. (*Id*.) Plaintiff immediately requested treatment.[5] (*Id*.)

On June 2, 2008, Plaintiff received a liver biopsy. (*Id*. at 16). The biopsy indicated chronic

---

[3] Nurse Practitioner Lopez is not a Defendant in this action.

[4] It is unclear which results Plaintiff saw on December 31, 2007.

[5] As noted in footnote 1, Plaintiff's complaint does not contain page 15.

1  Hepatitis C, grade 2 interface Hepatitis with stage 2-3 Fibrosis. (*Id.*)

2  On July 9, 2008, Defendant Gray partially granted Plaintiff's appeal.[6] (*Id.*) Defendant Gray informed Plaintiff he would have to wait to see if Plaintiff met the requirements for treatment because Plaintiff had received a biopsy and vaccines for Hepatitis A and B. (*Id.*) Defendant Ball was in a supervisory position at CSP during this time and could have, but did not, change the policy regarding inmate notification of positive Hepatitis test results. (*Id.* at 17). Both Gray and Ball made false statements regarding the sources they considered when reviewing Plaintiff's appeal. (*Id.*) Gray and Ball should have seen the results of Plaintiff's June 2, 2008 liver biopsy which indicated state 2-3 fibrosis and grade 2 inflammation. (*Id.*)

10  Dissatisfied with Gray and Ball's response to his appeal, Plaintiff filed a "Director's Level" review. (*Id.*) Defendant Grannis appointed Defendant Hall to examine Plaintiff's appeal. (*Id.*) Hall denied Plaintiff's appeal. (*Id.* at 18). However, Hall did not investigate Plaintiff's appeal and was deliberately indifferent to Plaintiff's health and well-being. (*Id.*) If Hall had investigated Plaintiff's appeal, Hall would have discovered doctors at CSP had diagnosed Plaintiff and had started Interferon and Ribavirin treatments. (*Id.* at 19).

**Standard of Review**

*Rule 12(b)(6) Motion to Dismiss*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). The old formula—that the complaint must not be dismissed unless it is beyond doubt without merit—was discarded by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n. 8 (2007).

Now, a complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The court must accept as true all material allegations in the

---

[6] Plaintiff does not specify to which appeal he refers.

complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.2004) (*citing Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir.2003)); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

The court does not look at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Bell Atl. Corp. v. Twombly*, 550 U.S. at 563 n. 8. A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001) (*citing Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)).

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992) (citation omitted); *see Halkin v. VeriFone, Inc.*, 11 F.3d 865, 868 (9th Cir.1993); *see also Cholla Ready Mix*, 382 F.3d at 973 *(citing Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994)) (stating that on Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged[ ]"). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

***Standards Applicable to Pro Se Litigants***

Where a plaintiff appears *in propria persona* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official

participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

Nevertheless, the court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quotation omitted) (*citing Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir.1987)). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim–Panahi*, 839 F.2d at 623–24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir.2000).

### *Stating a Claim Under 42 U.S.C. § 1983*

To state a claim under § 1983, the plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C.A. § 1983 (West 2003); *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir.1986).

### **Discussion**

### *Compliance with California Government Claims Act*

Defendants move to dismiss Plaintiff's state law claims against all Defendants for failure to state a claim because Plaintiff did not plead compliance with the California Government Claims Act. (ECF No. 18-1, pg. 4). In the opposition to Defendants' motion to dismiss, Plaintiff admits, "[b]y inadvertence and mistake, I may have failed to plead that the claims under state law were presented . . ."(ECF No. 19, pg. 2). Plaintiff further alleges he did comply with the presentation requirements of the California Government Claims Act. (*Id.*) Defendants allege Plaintiff's claims are nevertheless untimely and should be dismissed with prejudice. (ECF No. 20, pg. 4).

Under California law, in order to allege a state tort claim against a public entity or public employee, a plaintiff must allege compliance with the presentment of claims requirements of the California Government Claims Act. *See* Cal. Gov't Code §§ 945.4, 950.2; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988). "Before a civil action may be brought against a public entity, a claim must first be presented to the public entity and rejected." *Ocean Servs. Corp. v. Ventura Port Dist.*, 15 Cal.App.4th 1762, 1775 (1993); Cal. Gov't Code § 945.4; *see also Brown v. Yates*, 2008 WL 928119, at *3 (E.D.Cal. Apr.4, 2008), adopted, 2008 WL 2915085 (E.D.Cal. July 25, 2008) ("Presentation of a written claim and action on, or rejection of, the claim are conditions to suit.") (citations omitted). Claims for personal injury and property damage must be presented within six months after accrual. *See* Cal. Gov't Code § 911.2(a); *City of Stockton v. Superior Court*, 42 Cal.4th 730, 738 (2007). "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *City of Stockton v. Superior Court*, 42 Cal.4th at 738 (citation and internal quotations omitted).

Timely claims presentation is an "element of the plaintiff's cause of action." *Shirk v. Vista Unif. Sch. Dist.*, 42 Cal.4th 201, 209 (2007) (citation omitted). A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243 (2004). California courts "employ a test of substantial compliance rather than strict compliance in evaluating whether a plaintiff has met the demands of the claims statutes." *Life v. County of Los Angeles*, 227 Cal.App.3d 894, 899 (1991).

In his complaint, Plaintiff does not allege he complied with the claims presentation requirements of the California Government Claims Act, including timeliness, with respect to his claims against the Defendants. Therefore, the state law claims against the Defendants would ordinarily be dismissed. However, because it appears from Plaintiff's Opposition that Plaintiff may be able to allege facts showing compliance with the claims presentation requirements of the California Government Claims Act, the Court should grant leave to amend.[7] *See Broam v. Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003).

---

[7] The Court expresses no opinion regarding whether Plaintiff will be able to allege, or prove, compliance with the claims presentation requirements of the California Government Claims Act.

Accordingly, This Court **RECOMMENDS** Plaintiff's state law claims against the Defendants be **DISMISSED** with leave to amend.

### *Plaintiff's Fourteenth Amendment Claims*

Defendants move to dismiss Plaintiff's Fourteenth Amendment claims as duplicative of his Eighth Amendment claims regarding Defendants' deliberate indifference to his medical needs. (ECF No. 18-1, pg. 5). Plaintiff asserts the Fourteenth Amendment claims should survive Defendants' motion to dismiss because of the liberal pleading standard applicable to state inmates and because Defendants failed to assert sufficient grounds for dismissal. (ECF No. 19, pg. 3-7.)

"If a constitutional claim is covered by a specific constitutional provision ... the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process" of the Fourteenth Amendment. *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997)); *accord Saucier v. Katz*, 531 U.S. 991 (2001).

Here, Plaintiff's first through sixth claims state Plaintiff's "8th and 14th Amendment rights were violated." (ECF No. 1). Plaintiff does not extrapolate on, or differentiate between, his Eighth and Fourteenth Amendment claims or the underlying facts attributable to either claim. Thus, Plaintiff appears to bring an Eighth Amendment cruel and unusual punishment claim for deliberate indifference to his medical needs under the generalized notion of due process. Accordingly, the Court will analyze this claim under the Eighth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 272–73 (1994) (noting that when a broad "due process" violation is alleged, but a particular amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." (*quoting Graham v. Connor*, 490 U.S. 386, 395 (1989)); *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001).

To the extent plaintiff raises a Fourteenth Amendment due process claim against the Defendants separate and apart from his Eighth Amendment claim, the Court finds Plaintiff fails to state a legally cognizable claim because he does not allege any facts in support thereof with sufficient specificity. If plaintiff intends to amend his pleadings to raise a separate Fourteenth

1  Amendment due process claim, plaintiff must show: (1) a life, liberty or property interest exists
2  and has been subject to interference by the state; and (2) the procedures attendant upon the
3  deprivation of an existing interest were constitutionally insufficient. *Kentucky Dept. of Corrections*
4  *v. Thompson*, 490 U.S. 454, 460 (1990).

5      Accordingly, the Court **RECOMMENDS** Plaintiff's Fourteenth Amendment claims be
6  **DISMISSED** without prejudice.

7      *Defendants Gray and Ball (Appeals Process)*

8      Defendants also seek to dismiss Plaintiff's Fourteenth Amendment, Eighth Amendment,
9  First Amendment, and state law claims against Gray and Ball. Plaintiff's claims relate solely to
10 these Defendants' participation in Plaintiff's appeals process. Each claim is addressed separately
11 below.

12     *Fourteenth Amendment*

13     Defendants cite *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003) and *Mann v. Adams*,
14 855 F.2d 639, 640 (9th Cir.1988), for the proposition that Plaintiff lacks a constitutional
15 entitlement to a specific prison grievance procedure. (ECF No. 18-1, pg. 6). Taken together, these
16 cases hold a Plaintiff has no substantive right to a prison grievance system and due process claims
17 based on the denial of or interference with a prisoner's access to a prison grievance system are not
18 cognizable. *Ramirez*, 334 F.3d at 860 (citing *Mann*, 855 F.2d at 640). However, a prisoner can
19 state a cognizable claim where the prisoner claims the appeal reviewer's actions constitute cruel
20 and unusual punishment under the Eighth Amendment. *See Coleman v. Adams*, 2010 WL
21 2572534, at *7 (E.D. Cal. June 22, 2010).

22     Here, Plaintiff claims Gray and Ball failed to "truthfully and responsibly resolve" his
23 inmate appeals and knowingly made false statements. (ECF No. 1, pg. 39-41). To the extent
24 Plaintiff claims a due process violation, such a claim is not cognizable because it is presumably
25 premised on the Defendants' failure to process his appeals, consider evidence, or otherwise deny
26 his appeals without adequate process. *Coleman*, 2010 WL 2572534 at *7.

27     Accordingly, the Court **RECOMMENDS** Plaintiff's Fourteenth Amendment claims
28 against Gray and Ball be **DISMISSED**.

*Eighth Amendment*

Defendants assert Plaintiff's Eighth Amendment claim against Gray and Ball must be dismissed because Gray and Ball were "only reviewing and responding to his appeal" and "Plaintiff did not have a constitutional interest or right to that appeal." (ECF No. 18-1, pg. 7). Plaintiff does not squarely address this argument in his opposition. (ECF No. 19).

Plaintiff's complaint alleges Gray and Ball acted with deliberate indifference to his medical needs because both Defendants failed in their "duty of care to truthfully and responsibly resolve" his inmate appeal and knowingly and maliciously made false statements regarding their review of his appeal. (ECF No. 1, pg. 39-41). Plaintiff also alleges Ball was in a supervisory position at CSP and failed to change the allegedly unconstitutional policy by which inmates are informed of their blood-test results. (*Id*. at 17). Plaintiff further alleges Gray is a nurse and Ball is Chief Physician and Surgeon at CSP. (*Id*. at 16-17).

To state a section 1983 medical claim, a plaintiff must show the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show: (1) a "'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) the defendant's response "was deliberately indifferent." *Jett*, 439 F.3d at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.1991)).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

1  Here, the Court finds unpersuasive Defendants' blanket assertion that inmate appeal reviewers cannot violate a prisoner's Eighth Amendment rights for the following reasons. *First*, the Court notes Defendants did not provide, nor can this Court find, any legal authority to support Defendants' assertion. Indeed, prison administrators can be liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help. *Estelle*, 429 U.S. at 104; *Jett*, 439 F.3d at 1098. *Second*, based on Plaintiff's allegations, Defendants Gray and Ball are not merely non-medically trained, faceless and distant CDCR administrators tasked with reviewing the full-spectrum of inmate appeals and grievances. Rather, Plaintiff alleges Nurse Gray and Dr. Ball, both employed at CSP while Plaintiff was incarcerated there, *reviewed Plaintiff's medical records* in response to his appeal regarding the "treatment of [his] serious medical condition." (ECF No. 1, pg. 47). Plaintiff alleges these Defendants acted knowingly and maliciously in denying his appeal. Defendants' assertion lacks merit because deliberate indifference may be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Accordingly, the Court **RECOMMENDS** Defendants' motion to dismiss Plaintiff's Eighth Amendment claims against Gray and Ball be **DENIED**.

*First Amendment*

Plaintiff claims Gray and Ball used "false statements to deny an inmate appeal" and thus "violate[d] the First Amendment by making the grievance procedure useless." (ECF No. 1, pg. 46). However, Plaintiff's First Amendment claims against Gray and Ball fail because Plaintiff does not allege facts sufficient to show: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996) (identifying an "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."). Essentially, Plaintiff alleges Gray and Ball must have lied about what documents they reviewed when they decided his appeal because he did not get the relief he

1  sought.[8] (ECF No. 1, pg. 17, 46-47). Plaintiff *does not allege* Gray or Ball's actions prevented him
2  from making a threshold showing of a denial of care or other wrongdoing. For example, Plaintiff
3  does not allege Gray and Ball lied about his diagnosis which frustrated or impeded his ability to
4  present the merits of his appeal. Indeed, Plaintiff's complaint confirms Plaintiff presented his
5  appeal to the third level of review (director's level) following Gray and Ball's second level review.
6  (ECF No. 1, pg. 17). Thus, Plaintiff has failed to allege the Defendants' false statements caused an
7  "actual injury." *See Ornelas v. Giurbino*, 358 F.Supp.2d 955, 972 (S.D. Cal. 2005).

8  Accordingly, the Court **RECOMMENDS** Plaintiff's First Amendment claims against Gray
9  and Ball be **DISMISSED**.

10 *State Law Claims*

11 Defendants Gray and Ball contend they are immune from liability on Plaintiff's state law
12 claims under Government Code section 845.6 because they merely reviewed Plaintiff's grievance
13 and therefore were not in a position to summon immediate medical care. (ECF No. 18-1, pg. 8).

14 The Court disagrees. In order to state a claim under section 845.6, a prisoner must establish
15 three elements: (1) the public employee knew or had reason to know of the need (2) for immediate
16 medical care, and (3) failed to reasonably summon such care. Furthermore, the need for
17 "immediate medical care" can arise more than once in regards to a serious on-going medical
18 condition. *See Jett*, 439 F.3d at 1099.

19 Here, Plaintiff alleges Nurse Gray and Dr. Ball, both employed at CSP while Plaintiff was
20 incarcerated there, *reviewed Plaintiff's medical records* in response to his appeal regarding
21 "treatment of Plaintiff's serious medical condition." Plaintiff further alleges his medical records
22 included blood-test results from 2001 which confirmed he had Hepatitis C. Plaintiff also alleges
23 the medical records contained a 2008 blood-test which confirmed Hepatitis C. Plaintiff alleges he
24 went untreated between 2001 and 2008, then discovered his condition and requested immediate
25 treatment from Gray and Ball but was denied. Thus, the Court concludes Plaintiff has alleged
26 sufficient facts to satisfy the elements required to state a claim under section 845.6 because he has

---

[8] Plaintiff does not specify the issues appealed or the relief sought. This information may have been included on page 15 which is missing from the complaint.

1  alleged facts demonstrating (a) Gray's and Ball's knowledge of his condition in 2008, (b) Gray's
2  and Ball's knowledge that Plaintiff was never treated for Hepatitis C, (c) the need for immediate
3  care, and (d) Gray's and Ball's failure to arrange care. Morever, Plaintiff alleges Dr. Ball was the
4  Chief Physician and Surgeon at CSP. (ECF No. 1, pg. 16-17). Certainly, the Chief Physician and
5  Surgeon of CSP, even when acting in a appeal-review capacity, can order immediate medical care
6  should the need arise.

7  Accordingly, the Court **RECOMMENDS** Defendants' motion to dismiss Plaintiff's state
8  law claims under section 845.6 against Defendants Gray and Ball based on their immunity from
9  suit be **DENIED**.

## Conclusion

11  For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue the
12  following Orders:

13    1.    The Court **GRANT** Defendants' motion to dismiss Plaintiff's state law claims
14  against the Defendants **with leave to amend**.

15    2.    The Court **GRANT** Defendants' motion to dismiss Plaintiff's Fourteenth
16  Amendment claims against the Defendants **without prejudice**.

17    3.    The Court **DENY** Defendants' motion to dismiss Plaintiff's Eighth Amendment
18  claims against Defendants Gray and Ball.

19    4.    The Court **GRANT** Defendants' motion to dismiss Plaintiff's First Amendment
20  claims against Defendants Gray and Ball.

21    5.    The Court **DENY** Defendants' motion to dismiss Plaintiff's state law claims
22  pursuant to section 845.6 against Defendants Gray and Ball based on their alleged immunity.

23  **IT IS ORDERED** that **no later than February 2, 2012** any party to this action may file a
24  written objection with the Court and serve a copy on all parties. The document should be
25  captioned "Objections to Report and Recommendation."
26  ///
27  ///
28  ///

1  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
2  and served on all parties **no later than February 9, 2012**. The parties are advised that failure to
3  file objections within the specified time may result in a waiver of the right to raise those objections
4  on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.1998); *see also*
5  *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir.1991).

6  **IT IS SO ORDERED**.

7  DATED: January 5, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court