FILED
FEB 29 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOFIELD,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>K. BALL, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 11-CV-378 BEN (WMc)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>[Docket Nos. 18, 22] |

　　　　Plaintiff Robert Scofield, a state prisoner proceeding *pro se*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Defendants C. Gray, J. Sherman, M. Penner, and K. Ball filed a Motion to Dismiss the Complaint on April 25, 2011. (Docket No. 18.) Plaintiff filed an opposition (Docket No. 19), and Defendants filed a reply (Docket No. 20).

　　　　Magistrate Judge William McCurine issued a thoughtful and thorough Report and Recommendation recommending that Defendants' Motion to Dismiss be granted in part and denied in part. (Docket No. 22.) Plaintiff filed an Objection to the Report and Recommendation. (Docket No. 26.) A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). The court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the matter de novo and for the reasons that follow, the Report is **ADOPTED** and the

Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

It is well-established that a party objecting to a Report and Recommendation must cite specific instances of error in the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." (internal citations and quotations omitted)). As the Fourth Circuit stated,

> [A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection. . . . To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Midgette*, 478 F.3d at 622; *see also* FED. R. CIV. P. 72(b)(2) (requiring objecting party to file "specific written objections to the proposed findings and recommendations").

In his Objection, Plaintiff lays out general legal standards in regards to: (1) the Prison Litigation Reform Act, 42 U.S.C. § 1997; (2) pleading standards for pro se litigants; (3) civil rights actions brought under 42 U.S.C. § 1983; and (4) supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiff does not make any specific objections to the Report and Recommendation, nor does he refer to the Report and Recommendation. As Plaintiff does not identify the portions of the Report and Recommendation that purportedly misapply the law to facts or fail to consider the significance of Plaintiff's facts, the Court overrules Plaintiff's Objection.

Accordingly, the Court fully **ADOPTS** Judge McCurine's Report and Recommendation. The Court **GRANTS** Defendants' motion to dismiss Plaintiff's state law claims against Defendants **without prejudice**. The Court **GRANTS** Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claims against Defendants **without prejudice**. The Court **DENIES** Defendants' motion

to dismiss Plaintiff's Eighth Amendment claims against Defendants Gray and Ball. The Court **GRANTS** Defendants' motion to dismiss Plaintiff's First Amendment claims against Defendants Gray and Ball. Finally, the Court **DENIES** Defendants' motion to dismiss Plaintiff's state law claims pursuant to California Government Code Section 845.6 against Defendants Gray and Ball based on their alleged immunity. Plaintiff is **GRANTED** until April 13, 2012 to file a First Amended Complaint.

**IT IS SO ORDERED.**

DATED: February 29, 2012

HON. ROGER T. BENITEZ
United States District Court Judge