# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOFIELD,<br><br>                   Plaintiff,<br>  vs.<br><br>BALL, et al.,<br><br>                  Defendants. | CASE NO. 11cv378-BEN (WMc)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE<br><br>(ECF No. 17) |

## I.     Background

On June 21, 2010, Robert Scofield ("Plaintiff"), a state prisoner incarcerated at Corcoran State Prison and proceeding *pro se*, filed a civil lawsuit in state court. On November 5, 2010, defendants removed the action to federal court. (ECF No. 1). Plaintiff did not move to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) presumably because the Defendants paid the $350 civil filing fee upon removal.

On April 5, 2011, Plaintiff filed a motion for an order directing the U.S. Marshal Service ("USMS") to serve process on six unserved defendants including D. Dickerson, J. Anderson, J. Halseth, Retika Kumar, C. Hall, and N. Grannis. (ECF No. 17). Plaintiff alleges the state court determined he was indigent and granted him a fee waiver. (*Id*. at 1). Plaintiff also alleges to have effectuated service on four of the defendants. (*Id*. at 1). Defendants K. Ball and C. Gray were served with a copy of the complaint and summons by the Monterey County Sheriffs Office on

October 6, 2010. (ECF No. 1, pg. 2). All six unserved defendants are named in Plaintiff's complaint. (ECF No. 1, Exh. B).

The District Court Judge referred the instant motion to Judge McCurine on January 9, 2012. (ECF No. 23).

**II.     Request for Marshal Service**

FED.R.CIV.P. 4(c)(2) provides that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." FED.R.CIV.P. 4(c)(2). In addition, when plaintiffs are granted leave to proceed IFP, the USMS, upon order of the court, is authorized to serve the summons and complaint on the pauper's behalf. *See* 28 U.S.C. § 1915(d); *Boudette*, 923 F.2d at 757; *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1993).

Although Plaintiff did not move for IFP status at removal, he may still be eligible to proceed IFP. A request to proceed IFP need not be filed at any particular time, but may be initiated at any stage of a proceeding, since a person who is not an indigent at the commencement of a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court finds Plaintiff's allegation of indigence, coupled with the Defendant's confirmation of service by the Monterey County Sheriff, sufficient to show that Plaintiff is unable to execute the service of his own summons and complaint. Accordingly, and in order to aid in the timely administration of justice in this matter, Plaintiff will now be permitted to proceed IFP pursuant to FED.R.CIV.P. 4(c)(3) for purposes of service only.

Furthermore, for good cause, the Court *sua sponte* grants Plaintiff an extension of time in which to effect service upon Defendants pursuant to FED.R.CIV.P. 4(m).[1] The Court will grant Plaintiff an additional sixty days from the date this Order is filed to complete service. Plaintiff shall complete, as accurately and clearly as possible, the USMS Form 285s provided to him, and

---

[1] *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by FED.R.CIV.P. 4(m), extend time for service retroactively after the 120-day service period has expired).

shall return them to the USMS within thirty days of the date of this Order.

**III.    Conclusion**

For all the reasons set forth above, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Request for Marshal Service is **GRANTED**. The Clerk of Court is Directed to provide Plaintiff with an "IFP Package" consisting of: (1) this Order; (2) six certified copies of his complaint (ECF. No. 1, Exh. B); (3) a summons; (4) blank USMS Form 285s for purposes of attempting service upon Defendants;

(2)    Plaintiff must submit the completed USMS Form 285s to the U.S. Marshal within thirty days of this Order.

(3)    Pursuant to FED.R.CIV.P. 4(c)(3) and 28 U.S.C. § 1915(d), the U.S. Marshal shall, *within thirty days of receiving Plaintiff's USMS Form 285s,* effect service of Plaintiff's complaint and summons upon Defendants as directed by Plaintiff. All costs of service shall be advanced by the United States pursuant to this Order.

IT IS SO ORDERED.

DATED: March 6, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court