# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOFIELD,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>BALL, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 11cv378-BEN (WMc)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 31) |

On February 28, 2012, Plaintiff moved for the appointment of counsel in the above entitled action. (ECF No. 31). Plaintiff contends the Court should appoint counsel to represent him because he is unable to afford counsel,[1] the issues are complex, he has limited law library access, he cannot find counsel to represent him, there are numerous defendants, and he has limited knowledge of the law. (*Id.*) Defendants did not respond to Plaintiff's motion.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

---

[1] Plaintiff's reference to the "fee waiver in file" is insufficient for the Court to identify the precise document upon which Plaintiff relies.

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

After reviewing Plaintiff's motion, the Court denies Plaintiff's request for the following reasons. *First*, Plaintiff has not moved to proceed *in forma pauperis* ("IFP") and is thus not an indigent civil litigant.[2] *Second*, Plaintiff has survived Defendants' motion to dismiss the complaint and he has recently file an amended complaint. (*See* ECF Nos. 27, 33). Thus, Plaintiff has demonstrated a satisfactory aptitude for presenting his claims despite his contention that the issues are complex and he is ignorant of the law. *Third*, even assuming, *arguendo*, Plaintiff's claims have a moderate to high likelihood of success on the merits, the Court nevertheless concludes Plaintiff has failed to demonstrate the "exceptional circumstances" necessary to grant the motion because Plaintiff has thus far demonstrated a satisfactory aptitude for litigating his claims and because the Court does not find the issues to be so complex as to justify the appointment of counsel.

Accordingly, Plaintiff's motion is denied without prejudice.

IT IS SO ORDERED.

DATED: April 17, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

---

[2] The Court previously permitted Plaintiff to proceed IFP for purposes of service only. (ECF No. 28).