FILED

13 NOV 15 AM 11: 56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: \_\_\_CXL\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT SCOFIELD, | CASE NO. 11cv378-BEN (WMc) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM AND GRANTING DEFENDANTS'** *EX PARTE* **MOTION TO CONTINUE EXPERT WITNESS DEADLINES** |
| vs. | |
| BALL, et al., | |
| Defendants. | (ECF Nos. 94, 97) |

*Introduction*

Plaintiff, Robert Scofield, proceeds *pro se* in this civil rights action under 42 U.S.C. § 1983.[1] Plaintiff's claims concern the conditions of his confinement at R.J. Donovan Correctional Facility ("RJD"), Centinela State Prison ("CEN"), New Folsom State Prison ("NFSP"), High Desert State Prison ("HDSP"), Salinas Valley State Prison ("SVSP"), and Calipatria State Prison ("CSP"). Plaintiff alleges members of the medical staff at the various institutions listed above, as well as California Department of Corrections and Rehabilitation ("CDCR") inmate appeals employees, violated his Eighth Amendment rights because they failed to inform him he tested positive for hepatitis C and failed to treat him for hepatitis C.

---

[1] The Court permitted Plaintiff to proceed *in forma pauperis* ("IFP") under Federal Rule of Civil Procedure 4(c)(3) for purposes of service only. (ECF No. 28).

Presently before the Court is Plaintiff's motion for three subpoena duces tecum (ECF No. 94) and Defendants' *ex parte* motion to continue expert witness deadlines (ECF No. 97). Both motions are unopposed.

***Plaintiff's Motion***

Plaintiff requests the Court issue three subpoena duces tecum to be served by the U.S. Marshal service on: (1) Foundation Laboratory, 620 S. Glendora Avenue, Glendora, Califorina, 91740; (2) Unilab, 3714 Northgate Boulevard, Sacramento, California, 95834; and, (3) Pioneers Memorial Healthcare District ("Pioneers"), 207 West Legion Road, Brawley, California, 92227. (ECF No. 94). Specifically, Plaintiff's requests are as follows:

(A) <u>Foundation Laboratory</u>:

Request No. 1) Identify and produce any and all blood lab test results and diagnosis conducted in my name and I.D. No. Robert Scofield, P14570, pertaining to hepatitis C blood test. Submitted 08/10/05. Request No. 2) Identify and produce the names of any and all parties whom were responsible for the medical testing and/or diagnosis of blood lab test for hepatitis C conducted in my name and I.D. No. Robert Scofield, P14570, submitted to the lab on 08/10/05. Request No. 3) Identify and produce the names of any and all parties who received copies of or were made aware of any blood lab test results and or diagnosis pertaining to hepatitis C blood tests submitted in my name and I.D. No. Robert Scofield, P14570, on 08/10/05. Request No. 4) Identify and produce the names of any/all parties at Salinas Valley State Prison whom Foundation Laboratory provided or returned any blood lab test results for hepatitis C conducted in my name and I.D. No. Robert Scofield, P14570, on 08/10/05 and reported 08/13/05.

(B) <u>Unilab</u>:

Request No. 1) Identify any and all blood lab test results and/or diagnosis results conducted in my name and I.D. No. (Robert Scofield P14570), pertaining to hepatitis C and produced said results. (Time frame November 2001). Request No. 2) Identify and produce the names of any and all parties who were responsible for the medical testing of any and all blood samples submitted in my name and I.D. No. (Robert Scofield, P14570) for testing of hepatitis C viral infection. Request No. 3) Identify and produce the names of any and all parties who received copies of or were made aware of any blood lab test results and or diagnosis pertaining to hepatitis C, submitted in my name and I.D. No. (Robert Scofield, P14570), in November 2001. Request No. 4) Identify and produce the policies and procedures for returning results of diagnostic blood lab test results to the prison, when one of the prisons submits an inmate's blood samples for testing of diseases to the lab. Request No. 5) Identify and produce the names of any and all

persons/medical personnel at New Folsom Prison who received, signed for, or were faxed to any diagnostic blood lab test results for viral hepatitis C conducted in my name or prison I.D. No. (Robert Scofield, P14570), in November 2001.

(C) <u>Pioneers Memorial Healthcare District</u>:

Request No. 1) Identify and produce any and all test results, x-rays, diagnosis results, conducted in my name and CDCR# P14570 Cal (Patient II) Pertaining to hepatitis C liver biopsy. Request No. 2) Identify and produce any and all admission records showing the time and date patient number CDC P14570CAL was received for CT guided liver biopsy. Request No. 3) Identify and produce any and all medical images of patient CDC P14570CAL's injury and/or infected/diseased are of his liver. Request No. 4) Identify and produce any and all documents relating to Pioneers Memorial Healthcare District's policies and procedures concerning the testing, admittance and/or treating of prison patients. Request No. 5) Identify and produce any and all documents relating to the type of treatment, testing, or observation patient number CDC P14570CAL received on 06/02/08 at Pioneers Memorial Healthcare District. Request No. 6) Identify and produce the names and job descriptions of any parties who were responsible for the medical treatment, testing, diagnosis, and admittance of patient number CDC P14570CAL on 06/02/08.
(ECF No. 94)

## *Applicable Law*

A subpoena duces tecum is a discovery tool used for the production of specified documents or other tangible objects for inspection. Fed. R. Civ. P. 45(a)(2)(c). The Clerk of Court is obliged to issue blank subpoenas duces tecum upon the request of a party. *See* Fed. R. Civ. P. 45(a)(3) ("[t]he clerk must issue a subpoena, signed but otherwise blank, to a party who requests it"). *However*, the court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations.[2] Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents

---

[2] Because personal service of a subpoena duces tecum is required, Federal Rule of Civil Procedure 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, 2008 WL 5213414, *1 (E.D.Cal. 2008); 28 U.S.C. § 1915(d).

sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa.1991); *see also, United States v. Columbia Broadcasting Sys.*, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman*, 139 F.R.D. at 605.

### *Analysis*

The Court denies Plaintiff's requests for blood lab results and other test results provided by Foundation Laboratory, Unilab, and Pioneers because Plaintiff already possesses the test results. Plaintiff attached to his Second Amended Complaint ("SAC") what appear to be the same blood lab test and test results he requests in the present motion. (ECF No. 73 at 52-87). Specifically, Plaintiff's SAC includes the blood lab test results from Foundation Laboratory and Unilab performed on the dates identified by Plaintiff in his request for production, as well as pathology and radiology reports prepared by Pioneers. Furthermore, Plaintiff admits in the SAC his "liver biopsy" was present in his prison health record. (ECF No. 73 at 35). Plaintiff does not argue the blood lab test or test results he possesses are insufficient, inadequate, or incomplete, nor does Plaintiff argue these third-parties have documentation of other testing which he does not posses or which he cannot obtain from the named Defendants. Therefore, to the extent Plaintiff's anticipated subpoenas seek blood lab test results or other test results, Plaintiff fails to show the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v. Adams*, 2010 WL 148703, *1 (E.D. Cal. 2010). Accordingly, Plantiff's requests for blood lab test

results from Foundation Laboratory and Unilab are denied, and Plaintiff's request for "all test results, x-rays, diagnosis results" from Pioneers Memorial Healthcare District are also denied.

The Court also denies Plaintiff's requests for Foundation Laboratory, Unilab, and Pioneers to identify and produce the names of any party that conducted the test or received a copy of the test. The Court denies these requests because (1) the requests fail to clearly identify the documents sought, (2) some of this information is already contained in the blood lab test results Plaintiff possesses, and (3) Plaintiff fails to articulate why the identity of persons who received the blood lab test results at SVSP of NFSP cannot be revealed through discovery targeted at named parties who work at SVSP or NFSP. Fed. R. Civ. P. 33. Accordingly, Plantiff's requests for Foundation Laboratory, Unilab, and Pioneers to identify and produce the names of any party that conducted the test or received a copy of the test are denied.

In addition, the Court denies Plaintiff's request for Unilab's policies and procedures for returning results of diagnostic blood lab tests to the prison. The Court denies this request because Plaintiff does not articulate, nor can the Court find, any relevance of Unilab's policies to the allegations in Plaintiff's complaint. Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Here, there is no dispute Unilab received Plaintiff's blood and a request for testing and returned the blood test results to the prison. Defendants do not dispute the results or contend they never received the results. Rather, the parties dispute whether or not Defendants disclosed the results to Plaintiff after receiving them, and whether Defendants failed to treat Plaintiff for hepatitis C despite knowing he was diagnosed with hepatitis C. Therefore, non-party Unilab's policies and procedures for returning a prisoner's lab results to the prison are not relevant to the claims in this action.

Similarly, the Court denies Plaintiff's request for Pioneers' policies and

procedures "concerning the testing, admittance and/or treating of prison patients." Pioneers is not a party to this action and Plaintiff does not articulate, nor can the Court find, the relevance of Pioneers' testing, admittance, or treating policies regarding prisoners generally to the specific allegations in Plaintiff's complaint. For these same reasons, the Court also denies Plaintiff's request for the job descriptions of the individuals who treated him at Pioneers. The requested information is not relevant to the claims in this action.

In short, Plaintiff seeks information he either already has or could obtain from the named Defendants, or information irrelevant to the claims and defenses in this action. Accordingly, Plaintiff's motion is denied.

***Defendants' Ex Parte Motion***

Defendants move *ex parte* to continue the deadline to exchange expert reports from November 1, 2013 to November 14, 2013, with any rebuttal reports or designations to be served on November 21, 2013. Defendants note Plaintiff does not object to their request. Defendants contend their expert will not be able to complete her report by the November 1, 2013 deadline. Defendants note the two week extension will not impact any other deadlines. Having considered Defendants' motion, the Court finds good cause to grant Defendants' request. The deadline to exchange expert reports is now November 29, 2013; rebuttal reports must be served no later than December 6, 2013.

IT IS SO ORDERED.

DATED: November 15, 2013

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court