FILED

13 NOV 22 AM 8:04

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOFIELD, <br><br> Plaintiff, <br><br> vs. <br><br> BALL, et al., <br><br> Defendants. | CASE NO. 11cv378-BEN (WMc) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR COURT APPOINTED MEDICAL EXPERT** <br><br> (ECF No. 101) |

Plaintiff, Robert Scofield, proceeds *pro se* in this civil rights action under 42 U.S.C. § 1983.[1] Plaintiff's claims concern the conditions of his confinement at R.J. Donovan Correctional Facility ("RJD"), Centinela State Prison ("CEN"), New Folsom State Prison ("NFSP"), High Desert State Prison ("HDSP"), Salinas Valley State Prison ("SVSP"), and Calipatria State Prison ("CSP"). Plaintiff alleges members of the medical staff at the various institutions listed above, as well as California Department of Corrections and Rehabilitation ("CDCR") inmate appeals employees, violated his Eighth Amendment rights because they failed to inform him he tested positive for Hepatitis C and failed to treat him for Hepatitis C.

Presently before the Court is Plaintiff's request for the Court to appoint him a

---

[1] The Court permitted Plaintiff to proceed *in forma pauperis* ("IFP") under Federal Rule of Civil Procedure 4(c)(3) for purposes of service only. (ECF No. 28).

medical expert. (ECF No. 101).

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . ." Fed. R. Evid. 706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Under Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . ." Fed. R. Evid. 702.

Plaintiff requests the appointment and funding of a medical expert because he is indigent and he allegedly needs the expert to provide testimony and opinions to help him refute Defendants' experts. (ECF No. 101). However, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, No. 1:09–cv–00456–LJO–BAM PC, 2012 WL 5880431, * 12 (E.D. Cal. November 21, 2012). Also, Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Brooks v. Tate*, No. 1:11–cv–01503 AWI–DLB PC, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); *Gorrell v. Sneath*, 2013 WL 3357646, * 1 (E.D.Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

In addition, the Court cannot conclude at this stage of the litigation that a neutral expert will be important to the finder of fact because of the medical issues involved. Indeed, Plaintiff's allegations in this case not so complicated as to require the appointment of an expert witness to assist the Court and/or a jury. *Brooks*, 2013

WL 4049043 at *1. The crux of Plaintiff's constitutional claim is that the Defendants failed to inform him he tested positive for Hepatitis C and failed to treat him for Hepatitis C. Plaintiff claims Defendants failed to act with deliberately indifference to Plaintiff's serious medical needs. A trier of fact does not require a medical expert to make such a determination.

Accordingly, Plaintiff's motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: November 21, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court